DJW/sr

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                           Case No. 08-cr-20114-KHV-1

**VICTOR M. PEREZ,**

        **Defendant.**

## MEMORANDUM AND ORDER

Before the Court is Defendant's Amended Motion for Reconsideration of Pretrial Status (doc. 11) (the "Motion"). The Court has reviewed the Motion, all other relevant pleadings, and the statements of counsel during the October 9, 2008 hearing before Magistrate Judge David J. Waxse, and, for the reasons set forth below, finds that the Motion should be granted in part and denied in part, and that Defendant should be released subject to certain conditions to be determined at a future hearing.

**I. Background**

Defendant Victor M. Perez was indicted on September 11, 2008 for, *inter alia*, knowing and unlawful possession of an alien registration receipt card and knowing and unlawful possession of a means of identification of another person.[1] It appears to the Court that Immigration and Customs Enforcement ("ICE") has placed a detainer on Defendant with the U.S. Marshals Service. According to Defendant, he waived his right to a detention hearing based upon advice from his

---

[1] *See* Indictment (doc. 1).

attorney.[2] According to Defendant's counsel, after learning of certain federal regulations, and after speaking with Defendant, Defendant's counsel determined that Defendant would be a good candidate for pretrial release.[3] Defendant then filed the Motion seeking pretrial release.

## II. Standard

As a general rule, The Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.* (the "Act"), requires the release of a person facing trial unless such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.[4] The Act sets out a number of factors the court must weigh when determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of other persons and the community:

> (1) the nature and circumstances of the offense charged;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[5]

## III. Analysis

Defendant argues that the factors set forth in the Act weigh in favor of releasing Defendant. In support of this argument, Defendant states that he is charged with a noncapital defense, he has

---

[2] *See* Am. Mot. for Reconsideration of Pretrial Status (doc. 11).

[3] *See id.*, at 6; *see also* statements of defense counsel made during the October 9, 2008 hearing.

[4] *See e.g.*, 18 U.S.C. §§ 3142(b), (c)(1)(B), (e), and (f).

[5] *See* 18 U.S.C. § 3142(g).

three children, all of whom are citizens of the United States and are living in the metropolitan area, he has a good relationship with his ex-wife, who also resides in the metropolitan area, his brother and sister reside in the metropolitan area, he is a member of St. Joseph's Catholic Church, at the time of his arrest he was gainfully employed at Applebee's Restaurant located at "The Legends" in Kansas City, Kansas for a period of five years, and he only has only one prior conviction, a 1991 DUI in Wyandotte County, Kansas, where Defendant successfully completed probation and never failed to appear for court. Defendant claims that if released, he would reside with his ex-wife and three children in Kansas City, Kansas, just a short distance from the courthouse. Defendant argues that these facts demonstrate he is not a flight risk and he is not a danger to the community.

To further support his claim that he is not a flight risk, Defendant argues that the presence of an ICE detainer is not in and of itself sufficient grounds to find that Defendant poses a flight risk. In support of this argument, Defendant points to 8 C.F.R. § 215.2, which provides in pertinent part, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States under the provisions of § 215.3."[6]  8 C.F.R. § 215.3 then sets out the categories of aliens whose departure is deemed prejudicial to the interests of the United States, which includes, "[a]ny alien who is needed in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States."[7] Section 215.3 goes on to provide that "any alien who is a witness in, or a party to, any criminal case pending in any criminal court proceeding may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing

---

[6] 8 C.F.R. § 215.2(a).

[7] 8 C.F.R. § 215.3(g).

under the provisions of this part."[8]  The departure of such an alien from the United States shall be temporarily prevented by the ICE immigration officer designated to supervise the departure of aliens by serving the alien "with a written temporary order directing him not to depart, or attempt to depart, from the United States until notified of the revocation of the order."[9]  This temporary written order preventing departure of an alien, other than an enemy alien, becomes "final 15 days after the date of service thereof upon the alien, unless prior thereto the alien requests a hearing."[10]

Defendant argues that these federal regulations give the prosecuting authority the power to determine whether a defendant in a pending criminal case is removed from the United States.  In other words, Defendant argues that the prosecution in this case can inform the ICE immigration officer designated to supervise the departure of aliens of Defendant's status in this case and then withhold consent for Defendant's departure from the United States.

The Court has considered Defendant's Motion, all other relevant pleadings, and the statements of counsel during the October 9, 2008 hearing and is persuaded by Defendant's arguments.  The Court finds that Defendant's alleged unlawful status and the presence of the ICE detainer are not sufficient grounds to prevent Defendant's pretrial release.  Further, the Court has weighed the relevant factors set out in the Act and finds that the balance of these factors weighs in favor of Defendant's release, subject to certain conditions to be determined at a future hearing.

**IV. Conclusion**

---

[8] *Id.* (emphasis added).

[9] 8 C.F.R. § 215.2(a).

[10] 8 C.F.R. § 215.2(b).

Based on the reasons set forth above, the Amended Motion for Reconsideration of Pretrial Status (doc. 11) is granted in part and denied in part. A hearing to set the conditions of Defendant's pretrial release shall be held on **November 26, 2008, at 1:30 p.m.**

**IT IS THEREFORE ORDERED** that the Amended Motion for Reconsideration of Pretrial Status (doc. 11) is granted in part and denied in part. Defendant shall be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release shall be held on **November 26, 2008, at 1:30 p.m.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of November 2008.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and *pro se* parties